Biley, J.
This report is of an action of contract commenced by trustee writ, to which action the defendant filed a motion to dismiss. The judge who heard the motion to dismiss allowed said motion and at the request of the plaintiff reported his ruling to this division.
The ad darrmum of the writ is in the amount of nine hundred dollars. The declaration is on an account annexed and alleges that the defendant owes the plaintiff $500. for money paid by the plaintiff at the request of the defendant and to the use of the defendant, and $965.39 for commissions owed by the defendant to the plaintiff. The defendant’s motion to dismiss specifies the alleged error which it aims to attack as being a variance between the amount of the ad damnum of the writ and the amount claimed in the declaration, thereby constituting the trustee writ as not one brought in accordance with the provisions of General *358 Laws, Chap. 246, Section 1, as amended by the Acts of 1938, Chapter 303, Sec. 1.
There is no doubt that what the defendant alleges as the basis of its motion to dismiss is apparent upon the face of the record and properly attacked by such a motion.
General Laws, Chapter 246, section 1, provides what actions may be commenced by trustee process, and sets forth who may be a trustee. In the main, that part of the statute has remained unchanged for many years and we are not here concerned with that part of it. The amendment of 1938 (Chapter 303, Section 1 of the Acts of 1938), after excepting certain specified action's, provides that — “no writ the ad damnum of which is in excess of one thousand dollars shall be served upon any alleged trustee unless there shall have been filed by the plaintiff in such action in the court wherein such action is commenced a bond with a surety company authorized to do business in the Commonwealth as surety, or with sureties approved by a justice, associate justice or special justice of such court”, followed by a detail of the mechanics of such a bond with which we are not at present concerned. The instant case not being of the type specifically excepted, we proceed to consider the provision of said statute just quoted above.
The words “no writ the ad damnum of which is in excess of one thousand dollars”, in the statute as amended, refer to the ad damnum in the writ, and not to the amount claimed in the declaration or proved at the trial. Clay v. Barlow, 123 Mass. 378. Being of opinion that the motion to dismiss should have been denied, this division deems it unnecessary to pass upon the motions which were presented by the plaintiff at the time of argument, other than to state that the judge who declined to act upon said motions after he *359 had allowed the defendant’s motion to dismiss was following correct practice. Said motions never having been acted upon the plaintiff may take such steps as he deems advisable in accordance with the rules of this Court.
Order allowing Motion to Dismiss reversed. Case to stand for trial.